IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80089-TJM |
| | ) | |
| JAMES B. TEMPLETON, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on September 3, 2013, regarding Fil. #65, Motion for Turnover of Debtor James B. Templeton's Post-Petition Property and Motion for Sanctions for Violation of Discharge Order Against Personal Representative Stephani Hansen for the Estate of Dixie A. Templeton, filed by the debtor. Albert Burnes appeared for the debtor and James Blazek appeared for Stephani S. Hansen, Personal Representative of the Estate of Dixie A. Templeton.

Mr. Templeton, the debtor, and his former wife, the late Dixie A. Templeton, had dissolved their marriage. Mr. Templeton was ordered to pay alimony to his former wife. He filed a Chapter 13 case and paid all of the required alimony payments through the Chapter 13 trustee. The Chapter 13 case was completed and closed.

In February 2013, Mr. Templeton contacted Mr. Burnes, his former Chapter 13 attorney, regarding the sale of his home residence and informed Mr. Burnes that $3,671.18 of the equity from the sale was paid to Dixie A. Templeton's estate for alimony arrears that had been paid in full through the debtor's amended plan of reorganization.

Mr. Burnes sent a letter to James T. Blazek, attorney for the estate of Dixie A. Templeton, in March of 2013, requesting that the funds be returned to the debtor, thereby resolving the matter without initiating litigation in the Chapter 13 case.

Mr. Blazek did not respond to the correspondence, nor did he respond to a second letter sent in April of 2013.

In May of 2013, Mr. Burnes filed a motion to reopen the debtor's Chapter 13 proceeding. That motion was noticed to Mr. Blazek and to the personal representative, Stephani Hansen, but neither Mr. Blazek nor Ms. Hansen responded to the motion.

In July of 2013, a motion for turnover of post-petition property and a motion for sanctions for violation of the discharge order were filed against the personal representative. No response was filed and so an order was entered setting the matter for hearing on September 3, 2013.

Prior to the hearing, Mr. Blazek apparently contacted Mr. Burnes and the two of them worked out a resolution of the matter by preparing an agreed order to be submitted to the probate court to release the funds. However, Mr. Burnes went forward with the hearing on the motion for sanctions because by that time his client had incurred $1,610.00 in attorney fees as well as costs in the amount of $327.84, including $235.00 for the reopening of the Chapter 13 proceeding. Mr. Burnes believes that his client has been financially harmed by the failure of Mr. Blazek to promptly respond to the initial correspondence and believes that Mr. Blazek or his client, Ms. Hansen, should pay the attorney fees and costs.

Although professional courtesy would normally cause an attorney to promptly respond to correspondence from another attorney, there is nothing in the Bankruptcy Code or Rules, or in case law, that provides a failure to promptly respond should result in monetary sanctions. Mr. Blazek had no reason to anticipate that Mr. Burnes would expend $1,610.00 in attorney time to resolve the matter.

Mr. Blazek, at the hearing, asserted that most of the work performed by Mr. Burnes was not necessary, except drafting of a proposed agreed order to be submitted to the probate court, which was the method by which the matter was eventually resolved. He did agree, however, to pay $235.00, the filing fee, to reopen the case, apparently because he understands that Mr. Burnes reasonably believed that reopening was necessary in order to file the motion for sanctions and turnover to get Mr. Blazek's attention.

When asked by the court why he did not earlier respond to Mr. Burnes' correspondence, he stated that he was not a bankruptcy lawyer and the workload at his firm caused him to let the problem Mr. Templeton had slip through the cracks.

IT IS ORDERED: The motion for sanctions against the personal representative and Mr. Blazek (Fil. No. 65) is denied. The motion for turnover is moot. Mr. Blazek did volunteer to pay Mr. Templeton the $235.00 reopening fee and I expect as a professional he will follow through with his offer.

DATED:     September 10, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Albert Burnes
   James Blazek
   Kathleen Laughlin

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.